**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Malee MANRAKSA, Defendant— Appellant.**

UNITED STATES of America,
Plaintiff—Appellee,

v.

Charles STEVENSON, Defendant—
Appellant.

Nos. 02–30174, 02–30175.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 8, 2003.

Decided July 22, 2003.

Before: REAVLEY,* TASHIMA, and PAEZ, Circuit Judges.

MEMORANDUM **

Malee Manraksa ("Manraksa") appeals her jury conviction for one count of conspiracy to distribute methamphetamine and for four counts of distribution of methamphetamine. Her co-defendant Charles

Stevenson ("Stevenson") appeals his jury conviction and sentence for one count of conspiracy to distribute methamphetamine, and one count of distribution of methamphetamine. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm on all counts.

I.

Manraksa first argues that the district court erred by denying her motion under Fed.R.Crim.P. 16(a) to discover prior recorded statements implicating her involvement in an uncharged sale of ecstasy pills and then allowing those statements to be introduced at trial in violation of Fed. R.Evid. 404(b). Manraksa also argues that the denial of her discovery requests resulted in the government failing to satisfy its obligations under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We review evidentiary and discovery rulings for an abuse of discretion. *See United States v. Chon*, 210 F.3d 990, 994 (9th Cir.2000); *United States v. Wright*, 215 F.3d 1020, 1025 (9th Cir. 2000). We review allegations of *Brady* violations *de novo*. *United States v. Danielson*, 325 F.3d 1054, 1074 (9th Cir.2003).

■ Even if the trial court's rulings were erroneous, Manraksa must show that the errors were harmful, demonstrating that the errors more likely than not affected the verdict. *See United States v. Baker*, 10 F.3d 1374, 1398 n. 8 (9th Cir.1993) (discovery violations); *United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir.2000) (evidentiary rulings); *United States v. Ciccone*, 219 F.3d 1078, 1085 (9th Cir.2000) (*Brady* violations). Because of the over-

---

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

whelming amount of evidence against Manraksa, we conclude that even if we presume that the court erred, any error was harmless. In light of Manraksa's admissions her only viable claim at trial was the affirmative defense of entrapment. Accordingly, the government had the burden to prove beyond a reasonable doubt either that Manraksa was predisposed to commit the crime before being contacted by the government agent or that she was not induced by government agents to commit a crime. Even in the absence of the challenged tapes, the government presented more than enough evidence for the jury to find that Manraksa voluntarily and knowingly sold the methamphetamine.

Manraksa testified that she voluntarily delivered the drugs to the government informant. The government also introduced several tapes of phone calls between Manraksa and the government informant in which they discussed drug buys, including conversations in which Manraksa was negotiating prices with the informant prior to several actual drug exchanges which were also recorded. A Drug Enforcement Administration (DEA) agent testified that he had participated with the informant in different purchases of methamphetamine from Manraksa. The agent described one purchase in which he was with the informant when the informant and Manraksa set up a drug buy on the telephone; the government agent then accompanied the informant for the actual exchange of the drugs and money. The agent also testified that Manraksa appeared to be extremely familiar with methamphetamine and drug sales. In light of the substantial evidence against Manraksa, we conclude that any alleged error with respect to these rulings was harmless and we affirm.

## II.

■ Manraksa next argues that the government's failure to produce Steven-

son's tax records in response to her discovery motion amounted to a violation of Fed. R.Crim.P. 16(a)(1)(C) and that the court erred by permitting the government to introduce the records at trial. As noted above, we review the district court's evidentiary rulings for abuse of discretion; additionally, any alleged error must be prejudicial to warrant reversal. In light of the evidence described above against Manraksa, even if we presume that Manraksa was entitled to the tax documents under Fed.R.Crim.P. 16 and that the district court erred in allowing the government to use the documents to impeach Manraksa, any error was rendered harmless. The tax documents may have led the jury to question Manraksa's credibility, but they did not strengthen any alleged connection between Manraksa and Stevenson nor did it add in any significant way to the large amount of evidence already amassed against Manraksa. Thus, we reject Manraksa's claim on this issue.

## III.

Next, Manraksa contends that the trial court erred in failing to require the government to produce the informant's state probation file. She also contends that the court erred by allowing the probation officer to refresh his memory at trial by reviewing the probation file without granting Manraksa's counsel sufficient time to review the file. Manraksa argues that she sought production of the file to determine whether the informant was granted special treatment in exchange for his testimony and, although defense counsel was permitted to review the file during the lunch break, this limited access prevented her counsel from effectively cross-examining the probation officer.

■ The court's discovery and evidentiary rulings on the probation file are re-

viewed for an abuse of discretion and both are subject to harmless error analysis. Even if we presume that the court erred, once again Manraksa cannot demonstrate prejudice. For even if the documents revealed some form of benefit of the type described by Manraksa, the jury had already heard sufficient information about the informant to question his credibility. The jury learned about the informant's prior drug conviction. Evidence of the informant's violations of probation and his receipt of benefits and favors in return for his cooperation were largely disclosed on direct and cross examination. The informant testified on direct examination that he was paid for working as an informant. The jury was instructed that in evaluating his testimony, it should consider the extent to which he may have been influenced by the receipt of benefits from the government and that it should consider his testimony in light of his status as a government informant. Furthermore, the court had reviewed the probation file in camera and Manraksa's counsel was permitted to cross examine the probation officer. Because Manraksa cannot show any prejudicial error, we also reject her claim with respect to the probation file.

## IV.

Manraksa alleges that the court's "knowingly" instruction was erroneous and had a subsequent prejudicial effect on the jury's deliberation of the conspiracy count against her. Conceding that the knowingly instruction likely did not impact the jury's consideration of the four substantive counts because Manraksa had admitted that she knew that she was illegally distributing drugs, Manraksa contends that the instruction had a harmful impact on the jury's consideration of the conspiracy claim.

We review the trial court's formulation of a jury instruction for an abuse of discretion. *United States v. Chastain,* 84 F.3d 321, 323 (9th Cir.1996). We must consider "the instructions as a whole to see if they are misleading or inadequate to guide the jury's deliberation." *United States v. Gravenmeir,* 121 F.3d 526, 529 (9th Cir.1997) (citation omitted). A single instruction may not be judged in artificial isolation, but must be considered in the context of the overall charge to the jury. *United States v. Dixon,* 201 F.3d 1223, 1230 (9th Cir.2000). Even if we assume that the "knowingly" instruction was erroneous, we conclude that the charge to the jury as a whole provided sufficient guidance with respect to the knowledge element necessary for conspiracy.

■ The conspiracy instructions clearly stated that a person cannot be considered a conspirator by merely associating with a person who is a conspirator or by acting in a way that happens to further an object of the conspiracy. During its deliberation the jury did not submit any questions with respect to the court's definition of "knowingly" and the jury returned its verdict within hours of the end of the trial, suggesting that it was not confused by the text of the instruction. Therefore, even if we presume that the instruction was erroneous, when the instructions are considered as a whole, we conclude that the jury had sufficient guidance to reach its verdict. Therefore, we reject this challenge to the court's jury instructions.

## V.

■ Finally, Manraksa argues that the court erroneously instructed the jury on conspiracy by inserting the concepts of aiding and abetting into its conspiracy instruction. As noted, we consider whether the instructions as a whole sufficiently guided the jury and we review for an

abuse of discretion. To the extent that Manraksa asserts that the court's instruction misstated the elements of a conspiracy, we review this question of law *de novo*. *United States v. Patterson*, 292 F.3d 615, 629–30 (9th Cir.2002). We conclude that the court's conspiracy instruction was correct. The aiding and abetting language included in the conspiracy instruction tracks the language of the charge in the indictment; thus, it arguably led to less confusion to have the instruction match the indictment. Because Manraksa failed to show that the inclusion of the language from the indictment at the beginning of the instruction undermined the jury's deliberations, we reject Manraksa's claim with respect to the conspiracy instruction.

## VI.

Stevenson raises two issues on appeal. First, he argues that there was insufficient evidence to convict him of Count I, Conspiracy to Distribute a Controlled Substance, and of Count IV, Distribution of a Controlled Substance. We review a claim of insufficient evidence *de novo*. *United States v. Antonakeas*, 255 F.3d 714, 723 (9th Cir.2001). On review of a sufficiency of the evidence claim, the conviction must be affirmed if, considering the evidence in the light most favorable to the prosecution, "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in the original). We draw all reasonable inferences in favor of the government and resolve all conflicts in the evidence in favor of the verdict. *United States v. Alvarez–Valenzuela*, 231 F.3d 1198, 1200–01 (9th Cir. 2000). We conclude that considering both the direct and circumstantial evidence, there is sufficient evidence to sustain Stevenson's conviction on both counts.

In order to establish that Stevenson conspired to distribute methamphetamine as charged in Count I, the government had to prove the existence of an agreement to accomplish an illegal objective, and an intent to commit the underlying offense of the distribution of at least 50 grams of methamphetamine. *See United States v. Yossunthorn*, 167 F.3d 1267, 1270 (9th Cir. 1998). Because there was "neither a true agreement nor a meeting of the minds when an individual 'conspires' to violate the law with only one other person and that person is a government agent," *United States v. Escobar de Bright*, 742 F.2d 1196, 1199 (9th Cir.1984), the agreement with the government informer alone cannot support the conspiracy conviction. Thus, in order to sustain the conviction, the jury must have been convinced that Manraksa was a co-conspirator.

■ The prosecutor presented evidence regarding the close relationship between Manraksa and Stevenson (Manraksa testified that they were engaged), and the informant testified that Manraksa told him Stevenson was the source of the drugs. Further, in light of the evidence presented by the government, the jury could have reasonably concluded that the taped phone calls between the informant and the second male voice were calls between the informant and Stevenson. The third phone call between Manraksa and the informant was consistent with the deal set up in the first two phone calls with Stevenson, and the deal as completed was also consistent with the first two recorded phone calls. This evidence supports a finding that Stevenson acted to further the object of the conspiracy (the distribution of methamphetamine). The close relationship between Manraksa and Stevenson would support the jury's conclusion that Stevenson had a financial interest in the transaction, and the informant testified

that Manraksa told him Stevenson brought drugs with him when he returned to Montana. Although the evidence presented by the prosecution required the jury to draw several reasonable inferences to support the government's version of the facts, "[c]ircumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction." *United States v. Lennick,* 18 F.3d 814, 820 (9th Cir.1994).

Stevenson was charged in Count IV of the indictment with distribution of 5 ounces of methamphetamine in violation of 21 U.S.C. § 841(a)(1). The government argued that the two recorded phone calls between Stevenson and the informant were part of the distribution scheme that enabled Manraksa to deliver the drugs to the informant. The informant also testified that Manraksa told him that when Fat Boy (a.k.a.Stevenson) returned to Montana from California, he brought drugs with him.

Viewing the evidence in the light most favorable to the government, as we must, the evidence was more than sufficient for the jury to conclude that Stevenson served as the source of the drugs for Manraksa, and set up the transaction that occurred on December 28, 2000 between the government informant and Manraksa in which five ounces of methamphetamine were delivered to the informant. Therefore, we conclude that there was substantial evidence to convict Stevenson on both counts.

### VII.

■ Finally, Stevenson argues that the government was estopped from arguing that drug quantities from the dismissed counts (Counts II, III, and V) should be used as relevant conduct to calculate his offense level under the Sentencing Guidelines. We review the district court's interpretation of the Sentencing Guidelines *de novo* and the district court's application of the Guidelines to the facts of this case for abuse of discretion. *United States v. Barnes,* 125 F.3d 1287, 1290 (9th Cir.1997). The trial court's reliance on the drug quantities alleged in the dismissed counts as a part of relevant conduct for sentencing purposes was proper under *United States v. Watts,* 519 U.S. 148, 151, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997). *See also United States v. Fine,* 975 F.2d 596, 600 (9th Cir.1992) (noting that the "the application note [to U.S.S.G. § 1B1.3(a)(2) ] explicitly provides that 'multiple convictions are not required' for acts to be counted in 'such acts or omissions.'"); *United States v. Turner,* 898 F.2d 705, 711 (9th Cir.1990)(holding that quantities of drugs in dismissed counts were properly aggregated with counts of conviction as relevant conduct to determine the offense level). We therefore reject Stevenson's claim of error and affirm the district court's sentence.

Appeal No. 02–30174: AFFIRMED.

Appeal No. 02–30175: AFFIRMED.